# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| THE INCORPORATED COUNTY OF LOS ALAMOS, NEW MEXICO,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Respondent*. | No. 20-9534 |

## JOINT STATUS REPORT

Petitioner the Incorporated County of Los Alamos, New Mexico ("County"), Respondent the United States Environmental Protection Agency ("EPA"), and Intervenor Triad National Security, LLC ("Triad") respectfully submit this joint status report in response to the Court's Order of December 16, 2024. (Dkt. No. 184).

This case concerns the County's challenge to an action by EPA Region 6 under section 402(p) of the Clean Water Act ("CWA"), 33 U.S.C. § 1342(p), granting an administrative petition to designate certain small municipal separate storm sewer systems as subject to permitting requirements under the CWA's National Pollutant Discharge Elimination System (the "Designation Decision"). The Court granted EPA's motion for voluntary remand of the Designation

1

Decision on January 21, 2022, and has continued to hold this case in abeyance pending EPA's administrative proceedings on reconsideration of the challenged action. (Dkt. No. 149).

On December 9, 2024, the Regional Administrator of EPA Region 6 signed a final action on reconsideration of the Designation Decision, attached to this joint status report as Exhibit A (the "Revised Designation Decision"). EPA filed a status report on December 16, 2024, advising the Court of the Revised Designation Decision. (Dkt. No. 183). In its status report, EPA requested that the Court continue to hold this case in abeyance for 60 days while the parties confer regarding the Revised Designation Decision's impact on this case and a proposed schedule for any additional proceedings that may be necessary, with motions to govern further proceedings due by February 14, 2025.

On the same day, the Court issued an order directing the parties to confer regarding EPA's proposed approach and to file a joint status report by December 23, 2024, advising the Court of the parties' positions on five questions. (Dkt. No. 184). In response to the Court's questions in the December 16 order, the parties report as follows:

### a) Whether all parties agree that this matter ought to remain abated and if so, for how long

The parties agree that this case should remain in abeyance for an additional 60 days in order to allow time for the County to review the Revised Designation Decision and for the parties to confer regarding that action's impact on this case.

The requested abeyance period is reasonable given the need for the County to review EPA's decision and due to the intervening holiday period, which will require any discussions between the parties to occur in January 2025 at the earliest. Additionally, the County represents that, following its counsel's and staff's review and assessment of EPA's decision, the County's governing body will be briefed and will then need to decide on a course of action in accordance with its decision-making procedures.

### b) Whether all parties agree with the approach suggested by the EPA in its *Status Report*

The parties agree with EPA's proposed approach, in which the parties would be required to file motions to govern further proceedings in this case by February 14, 2025. During the continued abeyance period, the parties will confer regarding the Revised Designation Decision's impact on this case and, to the extent any further proceedings are necessary, a proposed schedule for those proceedings. To the extent possible, the parties will endeavor to submit a joint proposal to the Court by February 14, 2025, presenting the parties' areas of agreement and separately

laying out the parties' positions on any areas of disagreement. If the parties agree that this case should be dismissed, they may seek voluntary dismissal via a joint stipulation or a motion by the County under FRAP 42.

### c) If any party contends that the court ought to lift the abatement of this matter now, a short and plain statement of that party's position on how this matter ought to proceed

No party contends that the Court ought to lift the abatement of this matter now.

### d) Each party's position on how this matter ought to proceed once the court lifts the abatement

The parties' positions with respect to this issue are laid out separately below.

EPA

EPA's position is that its issuance of the Revised Designation Decision superseded the action challenged here. The Revised Designation Decision is a new agency action that replaces the original 2020 Designation Decision and is based on its own administrative record. Accordingly, this case is now moot, and the appropriate course of action once the Court lifts the abatement will be to dismiss the petition for lack of jurisdiction.

Notwithstanding the above, EPA is not moving for dismissal or requesting that the Court establish a schedule for briefing a motion to dismiss at this time. In order to preserve the Court's and the parties' resources, EPA has proposed a continued abeyance period of 60 days for the parties to confer regarding further

proceedings in this case. If the parties agree that issuance of the Revised Designation Decision has rendered this case moot, they may be able to seek dismissal under FRAP 42 without the need for extensive briefing on a motion to dismiss. If the parties do not agree on the effect of the Revised Designation Decision, EPA reserves the right to move for dismissal of this case at the appropriate time.

<u>The County</u>

The County has not yet determined its position regarding further proceedings or the disposition of this matter and, as discussed above, will follow the decision-making procedures of its governing body to do so.

<u>Triad</u>

Triad agrees with EPA that this case is now moot and should be dismissed for lack of subject matter jurisdiction. The Revised Designation Decision is a new agency action that replaces the original 2020 Designation Decision and is based on its own administrative record. Triad agrees that a continued abeyance of no more than 60 days is appropriate to allow the parties to confer regarding further proceedings in this case.

> **e) Any and all other matters relevant to the court's determination of when to lift the abatement and how this matter ought to proceed once the abatement is lifted**

The parties do not have other relevant matters to report at this time.

|                           | Respectfully submitted, |
|---|---|
| Dated: December 23, 2024  | /s/ Andrew D. Knudsen |

                    Andrew D. Knudsen
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044-7611
(202) 353-7466
andrew.knudsen@usdoj.gov

*Counsel for U.S. Environmental Protection Agency*

 /s/ Dalva L. Moellenberg (with permission)
Dalva L. Moellenberg
Gallagher & Kennedy, P.A.
1239 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 982-0523
dlm@gknet.com

*Counsel for the Incorporated County of Los Alamos, New Mexico*

 /s/ Skip Spaulding (with permission)
Paul P. Spaulding, III
Shartsis Friese LLP
425 Market St., Eleventh Floor
San Francisco, California  94105
(415) 421-6500
sspaulding@sflaw.com

*Counsel for Triad National Security, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. The participants in this case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                          /s/ *Andrew D. Knudsen*
                                          Andrew D. Knudsen